[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS THE DEFENDANT'S MOTION TO CONFIRM THE AWARD OF THE ARBITRATOR(#107)
This case comes to this court on a motion to dismiss the defendant's motion to confirm the award of the arbitrator. CT Page 10775
The parties agreed that all of the attachments to the pleadings would be full exhibits. Accordingly, the agreement dated July 7, 1998, between Cataldo Construction Co. and Salvatore Marino and Patricia Simone, is made a full exhibit. The relevant section of that agreement is the rider which provides in paragraph 3c:
 "In the event the owner and contractor are unable to agree on the percentage of completion appropriate to any particular progress payment, such allocation shall be made promptly by Vincent Colangelo, architect, whose compensation, if any, shall be the responsibility of the builder."
The court heard the witnesses. The court finds that there was never an agreement between the parties to arbitrate any issues in their dispute arising from their July 7, 1998 contract. The agreement only was an agreement condition precedent to payment to determine the percentage of completion. In Skolnick v. Havmon,7 Conn. App. 175, 177 (1986). The court held that "an agreement providing that the architects determination was a condition precedent to the plaintiffs right to payment was not an agreement for arbitration." Skolnick court also held that "the intent of the parties that arbitration be the exclusive method for this settlement of disputes arising under the contract must be clearly manifested. This express intent by both parties to enter into the arbitration agreement is essential to its existence". It is clear that our provision was not a clear mandate to arbitration.
Because the contract is devoid of any manifestation that arbitration will be the exclusive method for settling disputes and because an allocation of percentage of work completed was merely a condition precedent to the defendants right to payment, there was no arbitration agreement in the July 7, 1998 contract between the parties.
Exhibit 1, the proposed finding of fact, was done by Mr. Vincent Colangelo who testified. He made it clear from his testimony that he did not believe he had been sworn in according to law. If he was not properly sworn then he certainly had no authority as an arbitrator. It was also clear that based on his relationship with the defendant corporation, having known one of the principals of the defendant corporation for over 20 years, having vacationed with him, having been with him socially, having been recently with him for lunch at a Japanese restaurant, having CT Page 10776 assisted him in other lots in the subdivision, and having been introduced by Mr. Mallozzi to the mayor, the architect obtained some work. It is clear to this court that he could not have been fair and impartial. Mr. Colangelo said it was clear that the other side didn't want him to arbitrate. He also testified that he did not inspect the premises. In retrospect, he said he thought the language neutralized the letter. It was clear he was not trying to render an award. It is clear that he was not rendering an award, but approving a progress payment. This proposed finding of fact was drafted and redrafted by the defendant's lawyer. The arbitrator never saw the contract. It is clear the arbitrator did work for Mr. Mallozzi and family members in exchange for favors for each other. They didn't actually charge each other for the services.
Both parties agree that, "arbitration is a voluntarily submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination". Think v. Golenbock, 238 Conn. 183. 194 (1996). It is clear that Mr. Colangelo was not a disinterested person. Accordingly, the court dismisses the motion to confirm the alleged arbitration award.
Karazin, J.